| House Rights Initiative v Corcoran Group LLC |
|:---:|
| 2024 NY Slip Op 30596(U) |
| February 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154010/2022 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**

*Justice*

PART   47

-------------------------------------------------------------------------------X

HOUSING RIGHTS INITIATIVE,

Plaintiff,

- v -

CORCORAN GROUP LLC,M.E.I.T. ASSOCIATES, L.L.C.,
PARTNERSHIP 92 WEST, L.P., VORO LLC,LIVING REAL
ESTATE GROUP, LLC,88-36 ELMHURST AVENUE,
LLC,THE REALTY DEPOT LLC,125 REALTY PROPERTY
OWNER LLC,BROOKLYN NYC MANAGEMENT LLC,1961
MADISON REALTY LLC,NOLITA GROUP INC.,ORCHARD
REALTY, LLC,PROPER REAL ESTATE, LLC,86-31 57TH
AVE LLC,TRIUMPH PROPERTY GROUP LTD., 56-11 94TH
STREET CO., LLC,MANHATTAN BEST REALTY INC.,454
WEST 45TH STREET LLC,BOND NEW YORK
PROPERTIES BROKERAGE LLC,R.S.F. REALTY, LLC,PI
CAPITAL PARTNERS, LLC,85-15 QUEENS BLVD.
REALTY, LLC,BESA REALTY CORP., KHAMIN
ASSOCIATES, LLC,ALPHA PROPERTIES, LLC,CHANWAY
REALTY CO. INC.,METROPOLITAN EQUITIES, LLC,1ST
STREET EV REALTY, LLC

INDEX NO.   154010/2022

MOTION DATE   10/17/2022

MOTION SEQ. NO.   007

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 69, 70, 71, 110, 121, 122, 123, 133, 168, 175, 194, 196, 197

were read on this motion to/for            DISMISSAL            .

Upon the foregoing documents, it is

In this housing discrimination action, defendants, Proper Real Estate, LLC ("Proper") and 86-31 57th Avenue, LLC ("86-31" & collectively "moving defendants") move pursuant to CPLR § 3211 to dismiss plaintiff's causes of action against them, positing two different theories. First, moving defendants argue that plaintiff's pleading fails to state a cause of action warranting dismissal under CPLR § 3211(a)(7). Alternatively, they argue that plaintiff lacks standing under the relevant statutes to maintain this action.

**154010/2022   HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL**
**Motion No. 007**

**Page 1 of 10**

[* 1]

## BACKGROUND

Plaintiff, Housing Rights Initiative ("HRI") is a nonprofit housing group headquartered in New York City (NYSCEF Doc No 1 at ¶ 3). HRI states that a core part of its mission is to preserve affordable housing in New York and to assist tenants in securing access to affordable housing (*id.*). HRI alleges that in 2017 it became aware that a number of landlords and real estate brokers in New York City were refusing to rent apartments to tenants receiving Housing Choice Vouchers, a successor to Section 8, a federally funded program providing rental assistance to low-income Americans (*id.* at ¶ 3 and 32). HRI alleges that it expended time and resources investigating and responding to these claims of discrimination forcing it to divert resources away from other services it provides and that the discriminatory practices have frustrated its mission (*id.* at ¶ 3 - 4).

Plaintiff alleges that on February 18, 2020 an HRI "civil rights tester" called defendant Proper, a real estate broker, regarding the availability of an apartment for rent located at 86-31 57th Avenue in Elmhurst, New York, 11373 (*id.* at ¶ 87). Plaintiff alleges that when its caller inquired about using a voucher to help pay the rent of $1,800, the broker at Proper stated that the "management company would want to see close to $80,000 in income" (*id.*). The tester stated that she only made $42,000 and the broker allegedly replied that "Most of the time with vouchers I've had a little bit more luck with private homeowners. This goes through like a larger management company so they're a little bit more strict with the requirements." (NYSCEF Doc No 1 at ¶ 87). Plaintiff alleges that the tester called back the next day and the broker stated that after speaking to the landlord, defendant 86-31, "as long as both people have close to forty-times, savings, good credit, they would consider it" (*id.*).

154010/2022   HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL          Page 2 of 10
Motion No. 007

2 of 10

Plaintiff filed the instant action against Proper and 86-31, along with 27 other named defendants alleging similar facts. Plaintiff's first cause of action is under New York State Human Rights Law ("NYSHRL") alleging unlawful discrimination based on source of income when renting housing. Plaintiff's second cause of action is under the similarly constructed New York City Human Rights Law ("NYCHRL") also alleging unlawful discrimination based on "lawful source of income" including income derived from "any form of federal, state or local public assistance or housing assistance including section 8 vouchers" (*id*. at ¶ 139).

## DISCUSSION

*Failure to State a Cause of Action*

Under CPLR § 3211(a)(7) "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action." When "considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), our well-settled task is to determine whether, 'accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated" (*Campaign for Fiscal Equity, Inc. v State*, 86 NY2d 307, 318 [1995]). In other words "To survive a preanswer motion to dismiss pursuant to CPLR 3211(a)(7), a pleading need only state allegations from which damages attributable to the defendant's conduct may reasonably be inferred" (*Fielding v Kupferman*, 65 AD3d 437, 442 [1st Dept 2009]).

The provisions of the NYCHRL must be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and human rights laws, including those laws with provisions worded comparably to provisions of this title, have been so construed" (NYC Admin Code § 8-130[a]). The NYCHRL

**154010/2022  HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL**                     **Page 3 of 10**
**Motion No.  007**

3 of 10

must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*Makinen v City of New York*, 30 NY3d 81, 88 [2017] [internal quotation marks omitted]). Analysis under the NYCHRL "must be targeted to understanding and fulfilling what the statute characterizes as … uniquely broad and remedial purposes, which go beyond those of counterpart State or federal civil rights laws" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009] [internal quotation marks omitted]).

In 2019, the NYSHRL was amended to include the following "The provisions of this article shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed" (Executive Law § 300). While NYSHRL claims used to be analyzed under the more stringent standards of the Fair Housing Act ("FHA") considering how closely the amended language of the NYSHRL mirrors the NYCHRL courts now analyze these claims under the more liberal standards of the NYCHRL (*Syeed v Bloomberg L.P.*, 568 F Supp 3d 314, 321 [SDNY 2021]).

Both the NYCHRL and the NYSHRL state that a landlord refusing to rent a housing accommodation to someone because of their lawful source of income constitutes an unlawful discriminatory practice (NYC Admin Code § 107[5][a]; Executive Law § 296[5][a][1]). Plaintiffs have two theories as to how moving defendants' actions constitute discrimination under these statutes.

*Disparate Treatment*

First, plaintiff argues that the actions alleged constitute intentional discrimination also referred to as disparate treatment. "To prevail on liability, the plaintiff need only show differential treatment – that [a class] is treated 'less well' —because of a discriminatory intent"

(*Mihalik v Credit Agricole Cheuvreux N. Am., Inc.*, 715 F3d 102, 110 [2d Cir 2013]). When determining discriminatory intent a court must consider the "totality of the circumstances" surrounding the allegedly discriminatory behavior because the "context in which [the action occurred] cannot be ignored" (*Hernandez v Kaisman*, 103 AD3d 106, 115 [1st Dept 2012]). In *Fair Hous. Just. Ctr., Inc. v. Pelican Mgmt*, the SDNY found that discriminatory intent could be established when a landlord enforces a policy requiring that voucher holders show "an unreachable and illogical standard" of income (*Fair Hous. Just. Ctr., Inc. v Pelican Mgmt.*, 2023 US Dis LEXIS 175084, 18-cv-1564 [SDNY 2023]). The court reasoned that requiring voucher holders to show a 43 to 1 rent to income ratio, was asking them to "prove they could pay rent for which they had no personal responsibility" since they were not responsible for the subsidized portion (*id*. at *51). Since non-voucher holders only had to provide proof they could pay the rent they would be personally paying (the full rent), it was facially discriminatory to require voucher holders to show income which exceeded their own personal responsibility (*id*. at *50-51).

Here, plaintiff alleges that moving defendants required that applicants have income "close to forty times" the monthly rent (NYSCEF Doc No 1 ¶ 87). By requiring a voucher holder to prove that they have enough income to pay rent for which they are not personally responsible, they are being treated differently than non-voucher holders. Since under both the NYCHRL and the NYSHRL, voucher holders are a protected class that cannot be subject to disparate treatment, and taking the facts in the complaint as true, plaintiff has sufficiently pled a cause of action on which relief can be sought.

*Disparate Impact*

Plaintiff's second theory of liability under NYCHRL and NYSHRL is disparate impact. To establish a disparate impact claim "a plaintiff must first establish a prima facie case by

[* 5]

showing, (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." (*Mhany Mgt., Inc. v County of Nassau*, 819 F3d 581, 617 [2d Cir 2016]).

Here, the allegedly neutral policy is requiring a prospective tenant's yearly income to exceed forty times the monthly rent, regardless of whether or not the prospective tenant is a voucher holder. Considering that the moving defendants' apartment was listed at $1,800 per month, this means that any prospective tenant would need to earn at least $72,000 per year. However, in order to be eligible for the voucher program a one-person household's income cannot exceed $41,800 annually, a two-person household's income cannot exceed $47,750 annually, and a three-person household's income cannot exceed $53,700 annually (NYSCEF Doc No 1 ¶ 54). Consequently, an individual could not qualify for the voucher program *and* meet the forty times the rent requirement of the moving defendants. Therefore, the moving defendant's outwardly neutral policy as alleged has a significant impact on a protected group, voucher holders, by excluding them entirely from eligibility. Consequently, plaintiff has sufficiently plead a cause of action on which relief can be sought and moving defendants' motion to dismiss based on this theory will be denied.

*Housing Organization's Capacity under NYCHRL and HYSHRL*

Moving defendants also argue that because the instant case was brought by a housing rights organization and not a member of an aggrieved class, the case must be dismissed. They raise this argument as a standing issue, however it is more properly analyzed under a similar "failure to state a cause of action" argument as the previous two sections.

**154010/2022 HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL** **Page 6 of 10**
**Motion No. 007**

[* 6]                                     6 of 10

In order to bring a suit "a plaintiff must have a cause of action under the applicable statute (*Am. Psychiatric Ass'n v Anthem Health Plans, Inc.*, 821 F3d 352, 359 [2d Cir 2016]). "This was formerly called statutory standing [however] the Supreme Court has … clarified, … that what has been called 'statutory standing' in fact is not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute' (*id*. at 359 [quoting *Lexmark Intern., Inc. v Static Control Components, Inc.*, 572 US 118, 128 [2014]]). To make this determination courts must "consider whether, applying the traditional principles of statutory interpretation, the plaintiffs here fall within the class of plaintiffs whom [the legislature] has authorized to sue" (*id*. at 359).

Here, both the NYSHRL and the NYCHRL allow for an association claiming to be aggrieved by an unlawful discrimination practice to file a complaint for relief (*See* NYC Admin Code § 8-102 ["The term 'person' includes … associations, group associations, organizations"]; NYC Admin Code § 8-502 ["[A]ny person claiming to be a person aggrieved by an unlawful discriminatory practice … shall have a cause of action in any court of competent jurisdiction for damages"]; *see also* Executive Law § 292 ["The term 'person' includes … associations"]; Executive Law § 297 ["Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages"].

Moreover, federal courts have held that housing rights organizations have a claim under the FHA (*Fair Hous. Justice Ctr., Inc. v. 203 Jay St. Assocs., TLC*, 2022 U.S. Dist. LEXIS 138975, 21-CV-1192 [EDNY 2022]). "Consistent with Congressional intent and the Supreme Court's direction that the FHA be construed broadly, courts have recognized potential violations of the FHA's design and construct provision absent a showing of individual discrimination" (*id*.). Considering that courts have interpreted the NYCHRL and NYSHRL as being more expansive

than the FHA, allowing plaintiff to bring claims under the NYCHRL and NYSHRL comports with the legislature's policy goals defining "persons" as including organizations, such as plaintiff. Therefore, plaintiff is not precluded from bringing a suit under the NYCHRL or the NYSHRL.

*Standing*

Moving defendants make additional arguments which do directly raise a standing question. "[S]tanding is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (*Socy. of Plastics Indus., Inc. v County of Suffolk*, 77 NY2d 761, 769 [1991]). "The standing requirement in Federal actions has been grounded in the Federal constitutional requirement of a case or controversy… a requirement that has no analogue in the State Constitution" (*id*. at 772). However, New York courts operating under the common law do require the "existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution" (*id*.).

To establish standing "a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*id*. at 774). Moving defendants argue that because plaintiff is not a person who was denied the opportunity to rent an apartment, it has not suffered an injury and thus lacks standing. Plaintiff posits, that implementing the testing program to root out landlords using discriminatory practices, caused a drain on the organization's resources which is a sufficient injury to establish standing.

154010/2022   HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL   Page 8 of 10
Motion No. 007

8 of 10

The Supreme Court has held that a similar testing program used to combat racial discrimination under the FHA could result in an injury in fact when there was a drain in the organization's resources in implementing the program (*Havens Realty Corp. v Coleman*, 455 US 363, 379 [1982] ["Such concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's resources—constitutes far more than simply a setback to the organization's abstract social interests"]). Furthermore, the First Department has ruled that when an organization has "sufficiently alleged a specific burden on its resources … [t]hese allegations are sufficient to establish injury-in-fact and, therefore, standing" (*Mixon v Grinker*, 157 AD2d 423, 426 [1st Dept 1990]).

Here, plaintiff alleges that because of the alleged discriminatory practices committed by moving defendants, it has diverted labor and resources from its normal programmatic activities of organizing, counseling, and referral services (NYSCEF Doc No 1 ¶ 115-116). Additionally, plaintiff alleges a specific number of hours of labor, 240, that it was forced to divert in order to address the discriminatory practices. Therefore, plaintiff has specifically pled an alleged injury resulting from moving defendants' allegedly discriminatory practices. Consequently, plaintiff has standing to bring the instant action and the motion to dismiss must be denied.

Accordingly it is,

ORDERED that moving defendants' motion to dismiss the complaint is denied; and it is further

ORDERED that moving defendants shall serve an answer to the complaint or otherwise

154010/2022   HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL
Motion No.  007

Page 9 of 10

9 of 10

respond thereto within 21 days from the date of this order.

20240226152634PGOETZ1F78A141C82AD4F6597A688DE490D4E63

| 2/26/2024 | | | | | | PAUL A. GOETZ, J.S.C. | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **DATE** | | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154010/2022   HOUSING RIGHTS INITIATIVE vs. CORCORAN GROUP LLC ET AL**
Motion No.  007

Page 10 of 10

10 of 10